**MINNEAPOLIS STAR AND TRIBUNE COMPANY, Sharon Schmickle, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF INTERIOR; Bureau of Indian Affairs; Red Lake Agency; and George Sumner, Defendants.**

Civ. No. 4–85–1255.

United States District Court, D. Minnesota, Fourth Division.

Dec. 16, 1985.

Patricia A. Hirl, Associate Gen. Counsel, Minneapolis Star and Tribune Company, Minneapolis, Minn., for plaintiffs.

Lynn A. Zentner, Asst. U.S. Atty., Minneapolis, Minn. and Mark A. Anderson, U.S. Dept. of the Interior, Twin Cities, Minn., for defendants.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiffs Minneapolis Star and Tribune Co. and Sharon Schmickle (the "Star and Tribune") brought this Freedom of Information Act (FOIA) action against the United States Department of the Interior, Bureau of Indian Affairs (the "Department") and several individual defendants,[1] seeking access to certain files of the Red Lake Court of Indian Offenses. On the same date, the files at issue were removed from federal custody by order of the Red Lake Tribal Council. The Department has taken certain efforts to effect the return of these documents, but has not yet succeeded in regaining the documents.

At an October 17, 1985 hearing, this court requested that the Department take further action and supply the court with a status report of its efforts. On November 18, 1985, the Department submitted its status report. The Department now seeks a protective order, pursuant to Fed.R.Civ. P. 26(c), limiting disclosure of large portions of the November 18 letter. The defendant asserts that it expects the Star and Tribune to publish an article addressing, inter alia, the nature and status of this litigation.

■ Defendant brings its motion pursuant to Fed.R.Civ. P. 26(c), which provides for protective orders in the context of depositions and other discovery. Defendant acknowledges that the information it seeks to protect was not obtained "through the usual discovery processes", yet it provides no authority for the extension of Rule 26(c) to a context other than discovery. The Department relies entirely on a single case,

Seattle Times Co. v. Rhinehart, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). In Seattle Times, the plaintiff in a libel action, the leader of a religious organization, sought to protect certain information from discovery—specifically, the identities of all donors who made contributions to the organization and certain membership information. The trial court ordered plaintiff to disclose the information to defendant, but forbid its further dissemination. In affirming the state court's refusal to lift the protective order, the Supreme Court stressed the significant potential for abuse of discovery—the opportunity "for litigants to obtain ... information that not only is irrelevant but if publicly released could be damaging to reputation and privacy"—and the "unique character of the discovery process [which] requires that the trial court have substantial latitude to fashion protective orders." *Id.* 104 S.Ct. at 2209.

■ Defendant styles its request for an order limiting disclosure a "protective order," but defendant acknowledges that the material it wishes to present was not gained "only by virtue of the trial court's discovery process." *Id.* at 2207.[2] The First Amendment "requires the highest form of state interest" to sustain restrictions of the publication of "lawfully obtained, truthful information." *Smith v. Daily Mail Publishing Co.*, 443 U.S. 97, 101–02, 99 S.Ct. 2667, 2669–70, 61 L.Ed.2d 399. The defendant has simply not demonstrated a basis for granting the relief it seeks.

## ORDER

Accordingly, based on the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that defendant's motion for a protective order is denied.

---

1. Pursuant to the stipulation of the parties, this court dismissed all individual defendants except George Sumner.

2. Plaintiffs correctly note several other points distinguishing the instant case from *Seattle Times.* Defendant did not raise its concerns about disclosure of this information before disclosing it. Many of the matters in the portion of the letter at issue have been discussed in open court.